JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Derrick Gambrell

**(b)** County of Residence of First Listed Plaintiff    Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon, PC
18 Campus Blvd., Suite 100
Newtown Square, PA 19073

## DEFENDANTS

Gary Wielenbeck, et al.,

County of Residence of First Listed Defendant    Cecil County, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |     Act of 2016 |     (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |     Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| |     Medical Malpractice | |     Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |     Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |     26 USC 7609 |     Act/Review or Appeal of |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | |     Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |     Other | ☐ 550 Civil Rights |     Actions | |     State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE    03/22/2022

SIGNATURE OF ATTORNEY OF RECORD    *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Derrick Gambrell - 3613 Jasper St., Philadelphia, PA 19134 _____

Address of Defendant: _____ Gary-389 Harrisville Rd,Colora,MD 21917,Ryder-11690 NW 105th St,Miami,FL 33178, Neat Transport&Titus-7400 FM 2449,Ponder,TX 76259 _____

Place of Accident, Incident or Transaction: _____ intersection Aramingo Ave. & E Butler St., in Philadelphia, PA. _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/22/2022      *Marc Simon*      201798

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Marc Simon _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 03/22/2022      *Marc Simon*      201798

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Derrick Gambrell | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Gary Wielenbeck, et al., | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 03/22/2022 | Marc Simon | Derrick Gambrell |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-467-4666 | 267-639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Derrick Gambrell | : |
| 3613 Jasper St. | : |
| Philadelphia, PA 19134 | : |
|              Plaintiff | : |
| v. | : |
| | : |
| Gary Wielenbeck | : |
| 389 Harrisville Rd. | : |
| Colora, MD 21917 | : |
|           And | : |
| Ryder System, Inc. | : |
| 11690 NW 105th St. | : |
| Miami, FL 33178 | : |
|           And | : |
| Neat Enterprises, LLC d/b/a Titus Transport | : |
| 7400 FM 2449 | : |
| Ponder, TX 76259 | : |
|           And | : |
| Titus Transport Holdings, LLC | : |
| 7400 FM 2449 | : |
| Ponder, TX 76259 | : |
|           And | : |
| Titus Transport Services, LLC | : |
| 7400 FM 2449 | : |
| Ponder, TX 76259 | : |
|           And | : |
| Titus Transport, LLC | : |
| 7400 FM 2449 | : |
| Ponder, TX 76259 | : |
|           And | : |
| Titus Transportation, LP | : |
| 7400 FM 2449 | : |
| Ponder, TX 76259 | : |
|           Defendant(s) | : |

#_____

## COMPLAINT

## PARTIES

1.      Plaintiff, Derrick Gambrell, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Gary Wielenbeck, is a resident of the State of Maryland, residing at the address listed in the caption of this Complaint.

3.      Defendant, Ryder System, Inc., is a corporate entity authorized to conduct business in the State of Florida, with a business address listed in the caption of this Complaint.

4.      Defendant, Neat Enterprises, LLC d/b/a Titus Transport, is a corporate entity authorized to conduct business in the State of Texas, with a business address listed in the caption of this Complaint.

5.      Defendant, Titus Transport Holdings, LLC, is a corporate entity authorized to conduct business in the State of Texas, with a business address listed in the caption of this Complaint.

6.      Defendant, Titus Transport Services, LLC, is a corporate entity authorized to conduct business in the State of Texas, with a business address listed in the caption of this Complaint.

7.      Defendant, Titus Transport, LLC, is a corporate entity authorized to conduct business in the State of Texas, with a business address listed in the caption of this Complaint.

8.      Defendant, Titus Transportation, LP is a corporate entity authorized to conduct business in the State of Texas, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the parties and subject matter of this Civil

Action-Complaint in that the Plaintiff, Derrick Gambrell, is a citizen of Pennsylvania, the

Defendant, Gary Wielenbeck, is a citizen of Maryland, the Defendant, Ryder System, Inc., upon

information and belief is a corporate entity with its principal place of business in Florida and the

Defendants, Neat Enterprises, LLC d/b/a Titus Transport, Titus Transport Holdings, LLC, Titus

Transport Services, LLC, Titus Transport, LLC and Titus Transportation, LP, upon information

and belief are corporate entities with their principal place of business in Texas and the amount

in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

10.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in

that this is a judicial district in which a substantial part of the events or omissions giving rise to

the claims asserted in this Complaint occurred in this judicial district.

## FACTS

11.      On or about May 16, 2021, at or about 10:50 p.m., Plaintiff, Derrick Gambrell,

was the operator of a motor vehicle, which was traveling at or near the intersection Aramingo

Ave. & E Butler St., in Philadelphia, PA.

12.      At or about the same date and time, Defendant, Gary Wielenbeck, was the

operator of a motor vehicle, owned by Defendants, Ryder System, Inc., Neat Enterprises, LLC

d/b/a Titus Transport, Titus Transport Holdings, LLC, Titus Transport Services, LLC, Titus

Transport, LLC and Titus Transportation, LP, which was traveling at or around the

aforementioned location of the Plaintiff's vehicle.

13.      At or about the same date and time, Defendants' vehicle was involved in a collision

with Plaintiff's vehicle.

14.     At all times relevant hereto, Defendant, Gary Wielenbeck, was operating the aforesaid Defendants, Neat Enterprises, LLC d/b/a Titus Transport, Titus Transport Holdings, LLC, Titus Transport Services, LLC, Titus Transport, LLC and Titus Transportation, LP's, vehicle as an agent, servant and/or employee, acting within the scope of their agency.

15.     The aforesaid motor vehicle collision was the result of Defendant, negligently, and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

16.     The aforesaid motor vehicle collision was a direct result of the negligence, and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

17.     As a result of the collision, Plaintiff suffered severe and permanent injuries, including to the head, right leg more than left leg and back, as are more fully set forth below.

**COUNT I**
**Derrick Gambrell v. Gary Wielenbeck**
**Negligence**

18.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

19.     The negligence, and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.   Striking Plaintiff's vehicle after attempting to merge into plaintiff's lane of travel;

b.   Operating his/her vehicle into Plaintiff's lane of travel;

c.   Failing to maintain proper distance between vehicles;

d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.   Being otherwise careless and/or negligent under the circumstances.

20.   As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

21.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22.   As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

23.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

24.     As a direct result of the negligent, and/or careless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiffs' favor and against Defendant, Gary Wielenbeck, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Derrick  Gambrell v. Ryder System, Inc.
### Negligent Entrustment

26.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

27.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a. Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b. Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle when Defendant, Ryder System, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Gary Wielenbeck, was capable of committing the acts of negligence set forth above;

c. Failing to warn those persons, including the Plaintiff, that Defendant, Ryder System, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gary Wielenbeck's negligent operation of the motor vehicle; and

d. Otherwise negligently entrusting said vehicle to said individual Defendant, Gary Wielenbeck.

28.    As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

29.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

31.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

32.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiff's favor and against Defendant, Ryder System, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## <u>COUNT III</u>
### Derrick Gambrell v. Neat Enterprises, LLC d/b/a Titus Transport
### Negligent Entrustment

33.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

34.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.  Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b. Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle when Defendant, Neat Enterprises, LLC d/b/a Titus Transport., knew, or in the exercise of due care and diligence, should have known that Defendant, Gary Wielenbeck, was capable of committing the acts of negligence set forth above;

c. Failing to warn those persons, including the Plaintiff, that Defendant, Neat Enterprises, LLC d/b/a Titus Transport, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gary Wielenbeck's negligent operation of the motor vehicle; and

35.    Otherwise negligently entrusting said vehicle to said individual Defendant, Gary Wielenbeck.

36.    As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

37.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

38.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

39.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

40.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiff's favor and against Defendant, Neat Enterprises, LLC d/b/a Titus Transport, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Derrick Gambrell v. Neat Enterprises, LLC d/b/a Titus Transport
### Respondeat Superior

41.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

42.     The negligence, and/or carelessness of the Defendant, Neat Enterprises, LLC d/b/a Titus Transport, itself and by and through its agent, servant and/or employee, Defendant, Gary Wielenbeck, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a.   Striking Plaintiff's vehicle after attempting to merge into plaintiff's lane of travel;

b.  Operating his/her vehicle into Plaintiff's lane of travel;

c.  Failing to maintain proper distance between vehicles;

d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t.  Being otherwise careless and/or negligent under the circumstances.

43.    As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

44.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

45.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

46.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

47.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

48.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, <u>et.</u> <u>Seq.</u>, as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in Plaintiffs' favor and against Defendant, Neat Enterprises, LLC d/b/a Titus Transport, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT V
**Derrick  Gambrell v. Titus Transport Holdings, LLC**
**Negligent Entrustment**

49.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

50.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.  Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b.  Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle when Defendant, Titus Transport Holdings, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Gary Wielenbeck, was capable of committing the acts of negligence set forth above;

c.  Failing to warn those persons, including the Plaintiff, that Defendant, Titus Transport Holdings, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gary Wielenbeck's negligent operation of the motor vehicle; and

51.  Otherwise negligently entrusting said vehicle to said individual Defendant, Gary Wielenbeck.

52.  As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

53.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

54.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

55.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

56.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiff's favor and against Defendant, Titus Transport Holdings, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT VI
### Derrick Gambrell v. Titus Transport Holdings, LLC
### Respondeat Superior

57.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

58.     The negligence, and/or carelessness of the Defendant, Titus Transport Holdings, LLC, itself and by and through its agent, servant and/or employee, Defendant, Gary Wielenbeck, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a. Striking Plaintiff's vehicle after attempting to merge into plaintiff's lane of travel;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t. Being otherwise careless and/or negligent under the circumstances.

59. As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

60. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

61. As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

62.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

63.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

64.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, <u>et. Seq.</u>, as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in Plaintiffs' favor and against Defendant, Titus Transport Holdings, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### <u>COUNT VII</u>
**Derrick  Gambrell v. Titus Transport Services, LLC**
**Negligent Entrustment**

65.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

66.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.  Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b.  Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle when Defendant, Titus Transport Services, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Gary Wielenbeck, was capable of committing the acts of negligence set forth above;

c.  Failing to warn those persons, including the Plaintiff, that Defendant, Titus Transport Services, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gary Wielenbeck's negligent operation of the motor vehicle; and

67.     Otherwise negligently entrusting said vehicle to said individual Defendant, Gary Wielenbeck.

68.     As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

69.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

70.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

71.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

72.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiff's favor and against Defendant, Titus Transport Services, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT VIII
### Derrick Gambrell v. Titus Transport Services, LLC
### Respondeat Superior

73.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

74.     The negligence, and/or carelessness of the Defendant, Titus Transport Services, LLC, itself and by and through its agent, servant and/or employee, Defendant, Gary Wielenbeck, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a. Striking Plaintiff's vehicle after attempting to merge into plaintiff's lane of travel;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances.

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t.  Being otherwise careless and/or negligent under the circumstances.

75.   As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

76.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

77.   As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

78.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

79.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

80.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in Plaintiffs' favor and against Defendant, Titus Transport Services, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IX
### Derrick  Gambrell v. Titus Transport, LLC
### Negligent Entrustment

81.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

82.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.   Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.   Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle when Defendant, Titus Transport, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Gary Wielenbeck, was capable of committing the acts of negligence set forth above;

    c.   Failing to warn those persons, including the Plaintiff, that Defendant, Titus Transport, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gary Wielenbeck's negligent operation of the motor vehicle; and

83.    Otherwise negligently entrusting said vehicle to said individual Defendant, Gary Wielenbeck.

84.    As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

85.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

86.     As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

87.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

88.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiff's favor and against Defendant, Titus Transport, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT X
### Derrick Gambrell v. Titus Transport, LLC
### Respondeat Superior

89.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

90.     The negligence, and/or carelessness of the Defendant, Titus Transport, LLC, itself and by and through its agent, servant and/or employee, Defendant, Gary Wielenbeck, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a.  Striking Plaintiff's vehicle after attempting to merge into plaintiff's lane of travel;

b.  Operating his/her vehicle into Plaintiff's lane of travel;

c.  Failing to maintain proper distance between vehicles;

d.  Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

t.  Being otherwise careless and/or negligent under the circumstances.

91.  As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

92.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

93.  As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

94.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

95.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

96.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in Plaintiffs' favor and against Defendant, Titus Transport, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT XI
### Derrick  Gambrell v. Titus Transportation, LP
### Negligent Entrustment

97.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

98.     The negligence, and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a.   Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.   Permitting Defendant, Gary Wielenbeck, to operate the motor vehicle when Defendant, Titus Transportation, LP, knew, or in the exercise of due care and diligence, should have known that Defendant, Gary Wielenbeck, was capable of committing the acts of negligence set forth above;

    c.   Failing to warn those persons, including the Plaintiff, that Defendant, Titus Transportation, LP, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gary Wielenbeck's negligent operation of the motor vehicle; and

99.    Otherwise negligently entrusting said vehicle to said individual Defendant, Gary Wielenbeck.

100.    As a direct and consequential result of the negligent, and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

101.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

102.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

103.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

104.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in plaintiff's favor and against Defendant, Titus Transportation, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT XII
**Derrick Gambrell v. Titus Transportation, LP**
**Respondeat Superior**

105.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

106.    The negligence, and/or carelessness of the Defendant, Titus Transportation, LP, itself and by and through its agent, servant and/or employee, Defendant, Gary Wielenbeck, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

a.   Striking Plaintiff's vehicle after attempting to merge into plaintiff's lane of travel;

b.   Operating his/her vehicle into Plaintiff's lane of travel;

c.   Failing to maintain proper distance between vehicles;

d.   Operating said vehicle in a negligent, and/or careless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e.   Failing to have said vehicle under proper and adequate control;

f.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances.

g.   Violation of the assured clear distance rule;

h.   Failure to keep a proper lookout;

i.   Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j.   Being inattentive to his/her duties as an operator of a motor vehicle;

k.   Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a high rate of speed which was high and dangerous for conditions;

m.   Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

    p.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    q.   Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    r.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    t.   Being otherwise careless and/or negligent under the circumstances.

107.    As a direct and consequential result of the negligent, and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the head, right leg more than left leg and back, all to Plaintiff's great loss and detriment.

108.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

109.    As an additional result of the carelessness, and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

110.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

111.     As a direct result of the negligent, and/or careless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

112.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Derrick Gambrell, prays for judgment in Plaintiffs' favor and against Defendant, Titus Transportation, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

*Marc Simon*

BY:_____

Marc Simon, Esquire